THE STATE v. DALE, *Appellant.*

DIVISION TWO.

**Criminal Law**: MURDER IN SECOND DEGREE: INDICTMENT. A charge, in an indictment for murder in the second degree, that defendant "feloniously, wilfully, deliberately and of his malice aforethought," killed the deceased, charges that he did the killing "premeditatedly" as "deliberately" includes "premeditatedly."

*Appeal from Ray Circuit Court.*—HON. J. M SANDUSKY, Judge.

AFFIRMED.

The State v. Dale.

*Garner & Son* and *Farris & Son* for appellant.

(1) There can be no murder in the second degree without premeditation, and it must be charged in the indictment. *State v. Robinson*, 73 Mo. 306; *State v. Erb*, 74 Mo. 199; *State v. Lewis*, 74 Mo. 222; *State v. Harris*, 76 Mo. 361. (2) It was laid down distinctly in the case of *State v. Curtis*, 70 Mo. 594, that there could be no murder in the second degree without "premeditation," a word definitely and precisely descriptive of the offense; it means "thought of beforehand for any period of time, however short." Premeditation is a necessary and material constituent element of murder in the second degree; there can be no murder in the second degree which was not murder at common law, and there could be no murder at common law, unless the act causing death was committed with what was termed malice aforethought, that is, with malice and premeditation; hence, premeditation must be charged in the indictment. It is an indispensable requisite to an indictment; it is nowhere charged in the indictment, and, hence, the indictment is bad, and cannot be sustained. *State v. Curtis*, 70 Mo. 594, and authorities cited. In 74 Mo. 222, it is held that premeditation is an essential element of murder in the second degree. *State v. Wieners*, 66 Mo. 13; *State v. Curtis*, 70 Mo. 594; *State v. Sharp*, 71 Mo. 218; *State v. Summers*, 71 Mo. 538.

*John M. Wood*, Attorney General, *T. N. Lavelock*, Prosecuting Attorney, and *James E. Ball* for the State.

(1) The indictment is sufficient. Kerr's Law of Homicide, secs. 251, 252; 2 Bishop on Crim. Proc., secs. 498, 499, 541–544, 563, 564; *State v. Lowe*, 93 Mo. 572. (2) The sufficiency of an indictment can only be challenged by motion to quash, demurrer or motion in arrest; and not, as in civil cases, by objecting *ore tenus*

to the introduction of evidence. *State v. Risley*, 72 Mo. 609; *State v. Meyers*, 99 Mo. 112. (3) The objections to the admissibility of evidence were too general to present any question for review by the appellate court. *State v. Brannum*, 95 Mo. 19; *State v. Hope*, 100 Mo. 353; *Masonic Society v. Lackland*, 97 Mo. 137; *Drey v. Doyle*, 99 Mo. 459. (4) The instructions properly declared the law to the jury. (5) The verdict being supported by substantial evidence, it will not be disturbed on appeal. *State v. Kinney*, 81 Mo. 101; *State v. Hurt*, 89 Mo. 590.

THOMAS, J.—Defendant was put upon his trial in the circuit court of Ray county for murder of the second degree, was found guilty of manslaughter of the second degree, and sentenced to pay a fine of $1,100, and he appealed. The only specific ground on which he seeks a reversal of the sentence is the failure of the indictment to use the word "premeditatedly" in charging the offense, the contention being that the use of this word is necessary to constitute a good charge of murder of the second degree. This position is not maintainable in this case for the reason that the indictment, while not employing the word "premeditatedly," uses equivalent words. It charges that defendant "feloniously, wilfully, deliberately and of his malice aforethought" struck Charles Burgess with a billiard ball, and thereby killed him. The word "deliberately," which is here used, is a generic term including "premeditatedly." When a man kills another premeditatedly, he thinks of killing beforehand. When a man deliberately kills another, he does it in cold blood with a formed design to take life, uninfluenced by any passion or excitement of mind recognized by law. Hence, it is manifest that "deliberately" logically contains in it all that is meant by "premeditatedly" and more. But "premeditatedly" is also contained in the phrase, "malice aforethought," the latter words being held to mean malice

and premeditation. *State v. Thomas*, 78 Mo. 327; *State v. Lowe*, 93 Mo. 547. No error appearing of record, and the punishment inflicted on defendant being very moderate indeed, the judgment is affirmed. All concur.